UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD W. BAUER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16-CV-410 CAS |
| | ) |
| BETTY A. LAUTH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions to dismiss. Defendants Stephen R. Ryan and Ryan, Bennet and Radloff (the "Ryan Defendants") move that the claims against them be dismissed because the Court lacks subject matter jurisdiction. The Ryan Defendants also argue that the Court lacks personal jurisdiction as to them; plaintiffs' Complaint fails to state a claim; and plaintiffs' allegations are barred by the doctrine of collateral estoppel. Defendants Edward T. Graham, Jr. and Beavers, Graham & Calvert (the "Graham Defendants"), defendants First Mid Illinois & Trust, National Association, Doug Kopplin, Unknown Employee and/or Unknown Employees of First Mid Illinois Bank & Trust, National Association, and Mary Jane Klitzing (the "First Mid Illinois Defendants"),[1] and defendants Betty A. Lauth, Carol Heilman, Rose Zimmer, Ralph F. Bauer, Ruth Smith, and Mary Jane Klitzing as Executrix for the Estate of Paul C. Bauer (the "Lauth Defendants") also filed motions to dismiss arguing, among other things, that the Court

---

[1]The First Mid Illinois Defendants filed two motions to dismiss that appear to be identical. (Docs. 25 and 27). The first motion, Doc. 25, states that it is being filed on behalf of all the First Mid Illinois Defendants, although it was filed in the Court's CM/ECF on behalf of defendant First Mid Illinois & Trust, National Association only. The second motion, Doc. 27, states that it is being filed on behalf of all the First Mid Illinois Defendants, and it was filed in the Court's CM/ECF on behalf of all the First Mid Illinois Defendants. The Court sees no other difference between the motions. The Court, therefore, will deny the first motion to dismiss, Doc. 25, as moot.

does not have subject matter jurisdiction to hear this dispute. Plaintiffs Donald W. Bauer, Lauretta D. Bauer, Karla Dale Bauer, and David W. Bauer, who are proceeding pro se, oppose the motions.[2] For the following reasons, the Court will dismiss this cause of action because the Court does not have subject matter jurisdiction.

Also pending before the Court is the Ryan Defendants' Rule 11 motion for sanctions against plaintiffs. Plaintiffs oppose the motion, which is fully briefed and ripe for review.[3] As discussed infra, the Court will grant, in part, the Ryan Defendants' motion for sanctions.

## *I. Background*

The allegations in the Complaint arise from foreclosure proceedings that took place in Effingham County, Illinois beginning in 2001. According to the Complaint, in 1978 plaintiffs Donald W. Bauer and Lauretta D. Bauer gave two promissory notes and one mortgage to Ralph E. Bauer and L. Marie Bauer, Donald W. Bauer's parents. Plaintiffs allege that Ralph E. Bauer and L. Marie Bauer opened an escrow account for the two promissory notes and mortgage at First Mid Illinois Bank & Trust, but that persons at the bank tampered with the escrow account and changed the interest rates on the notes to higher interest rates and replaced the payment schedule. Following

---

[2]Plaintiffs filed a collective response memorandum that was over-length and out of time. On August 5, 2016, plaintiffs filed a motion for leave to file their over-length memorandum out of time. The Court grants plaintiffs' motion for leave to file their memorandum.

[3]The Ryan Defendants filed a motion for sanctions and memorandum in support. Plaintiffs filed a joint response, to which the Ryan Defendants filed a reply memorandum. On October 20, 2016, plaintiffs filed a "Motion for Leave to File All Four Pro Se Plaintiffs' Joint Response" to the Ryan Defendants' reply. The Court interprets this motion as a motion for leave to file a surresponse. The Court is not persuaded that a surresponse is necessary to allow plaintiffs to address what they argue are so-called "untrue issues" in the Ryan Defendants' certificate of service and "Introduction and Argument." Doc. 42 at 2. The Court is well aware that litigation is often contentious, and that the parties may subjectively construe statements of opposing counsel to be false or misleading. The Court has the capacity to evaluate the pending motion for sanctions based on the existing briefing, and does not need the benefit of a surresponse on these issues.

2

the death of Ralph E. Bauer and L. Marie Bauer, rights to the promissory notes and mortgage were allegedly assigned to Robert L. Bauer, Linda Bauer (n.k.a. Linda Garfield) and six of the defendants, Betty Lauth, Carol Heilman, Rose Zimmer, Ralph F. Bauer, Ruth Smith, and Paul C. Bauer.

Sometime in 2001, six of the assignees, Betty Lauth, Carol Heilman, Rose Zimmer, Ralph F. Bauer, Ruth Smith, and Paul C. Bauer, all of whom are defendants in the present litigation, commenced foreclosure proceeding against Donald W. Bauer and Lauretta D. Bauer and their six children in Illinois state court. Robert L. Bauer and Linda Bauer were also named as defendants in the suit. Litigation proceeded in state court for many years and, according to the Complaint, judgment was entered against plaintiffs Donald W. Bauer and Lauretta Bauer in the amount of $250,000.00 following a trial. Plaintiffs allege in their Complaint that the presiding judge in the state court proceedings made a number of errors including: holding ex parte hearings, ruling that the tampered escrow agreement was admissible, and allowing testimony regarding Donald W. Bauer's supposed inheritance. Following the entry of the judgment in Illinois state court, plaintiffs also allege that defendants attempted to block their redemption rights, and a "personal judgment" has been entered against them, which according to plaintiffs, is not allowed without a deficiency after sale under "Illinois Mortgage Foreclosure Law." Doc. 1 at 13. Plaintiffs also allege that the defendants colluded to violate the rules of evidence and plaintiffs' due process rights, and they "conspir[ed] to not allow [plaintiffs] to exercise [their] rights under the Illinois Mortgage Foreclosure Law." Id. at 15.

Based on these allegations, plaintiffs Donald W. Bauer, Lauretta D. Bauer, Karla Dale Bauer, and David W. Bauer bring three claims against defendants Betty A. Lauth, Carol Heilman, Rose Zimmer, Ralph F. Bauer, Mary Jane Klitzing, as the executrix for the estate of Paul Bauer, Mary Jane Klitzing, Stephen R. Ryan, Ryan, Bennett, & Radloff, Edward T. Graham, Jr., Beavers, Graham

3

& Calvert, First Mid Illinois Bank & Trust, Doug Kopplin, Unknown employee and/or employees of First Mid Illinois Bank & Trust, and Ruth Smith, which plaintiffs have entitled: "42 U.S.C. at 1983" (Count I); Civil Conspiracy at Law (Count II); and Abuse of Process (Count III). Plaintiffs seek over $10,000,000.00 in compensatory and punitive damages. All of the defendants move, among other things, to dismiss this action for lack of subject matter jurisdiction.

## II. *Discussion*

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Plaintiffs, as the side asserting jurisdiction, bear the burden of establishing that the Court has subject matter jurisdiction to hear the dispute. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009) (citing Kokkonen, 511 U.S. at 377). Subject matter jurisdiction in federal court can be based on diversity jurisdiction, pursuant to 28 U.S.C. §1332, or federal question jurisdiction, pursuant to 28 U.S.C. §1331.

### A. Diversity Jurisdiction

Plaintiffs seek to invoke this Court's subject matter jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. A district court has original jurisdiction over a civil action in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Owen Equip. & Erection v. Kroger, 437 U.S. 365, 373 (1978). Citizenship is determined by a person's

4

physical presence in a state along with an intent to remain there indefinitely. Once an individual has established a state of citizenship, he or she is presumed to be a citizen of that state until he or she legally acquires a new state of citizenship. See Altimore v. Mount Mercy College, 20 F.3d 763, 768–69 (8th Cir. 2005); see generally 15 James Wm. Moore et al., Moore's Federal Practice, § 102.34[5]-[7] (3d ed. 2009). "The district court's determination of citizenship for purposes of diversity is a mixed question of law and fact, but mainly fact." Altimore, 20 F.3d at 768.

Plaintiffs allege that they all reside in Illinois. Plaintiffs do not make any allegations as to their intent to remain in Illinois. As for the defendants, plaintiffs allege that defendants Betty Lauth, Carol Heilman, and Ralph Bauer live in Missouri; defendant Rose Zimmer lives in Arizona; defendant Ruth Smith lives in Colorado; and defendants Mary Jane Litzing, executrix for the estate of Paul C. Bauer, Mary Jane Litzing, Stephen Ryan, Ryan, Bennett & Radloff, Edward Graham, Seavers, Graham & Calvert, First Mid Illinois Bank & Trust, Doug Kopplin, and Unknown employee or employees of First Mid Illinois Bank and Trust, all live or have their businesses in Illinois.

The Court has examined the Complaint and plaintiffs' joint response in opposition to the motions to dismiss and finds plaintiffs have failed to plead or establish that all parties on one side of the litigation are of a different citizenship from all of those on the other side. As a result, complete diversity of citizenship under 28 U.S.C. § 1332 has not been pleaded or established. See 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

Plaintiffs also have not established that there exists federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A court does not obtain subject-matter

5

jurisdiction just because a plaintiff raises a federal question in his or her complaint." Hagans v. Levine, 415 U.S. 528, 537-38 (1974); Bell v. Hood, 327 U.S. 678, 682-83 (1946). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the plaintiff." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

In Count I of their Complaint, plaintiffs seek relief pursuant to 48 U.S.C. § 1983. Section 1983 creates a cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage" subjects any person to deprivation of immunities secured by the United States Constitution or a federal law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that the defendant violated plaintiff's rights under either the Constitution or laws of the United States, and that the defendant acted "under color of state law." 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). A person acts "under color of state law" when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. See West v. Atkins, 487 U.S. 42, 49 (1988). The requirement that a defendant acted under "color of state law" is jurisdictional. Polk County v. Dodson, 454 U.S. 312, 315 (1981). Private conduct is simply beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In this case, plaintiffs have not alleged that any of the defendants were state actors, or acted under color of state law. "[A] plaintiff seeking to hold a private party liable under § 1983 must

allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. See White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). Furthermore, "a plaintiff does not adequately allege a conspiracy among private individuals and state actors if plaintiff alleges only that the private individual invoked state legal procedures or communicated with state officials." McKenna v. St. Louis Cty. Police Dep't, No. 4:09-CV-1113, 2010 WL 56011, at *6 (E.D. Mo. Jan. 4, 2010) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n.21 (1982); Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997)).

In their Complaint, plaintiffs fail to allege facts sufficient to give rise to an inference that any of the defendants, who are all private parties, came to a "mutual understanding" with a state actor. Mershon, 994 F.2d at 451. Plaintiffs allege that six of the defendants filed suit against the plaintiffs in Illinois state court, and during the course of the litigation there were supposed procedural irregularities, such as "ex-parte hearings" where "pro se litigants" were not present. Doc. 1 at 8-9. Plaintiffs also allege that some of the defendants made verbal stipulations to the state court judge, Judge Koester, which were untrue, and the judge made rulings based on these false stipulations. Id. at 9. Finally, plaintiffs also accuse defendants of suggesting to Judge Koester that she not enter a final judgment in the state court proceedings, which according to plaintiffs, is not allowed under Illinois law, and the judge followed that suggestion and did not enter a final order. Id. at 11. These allegations do not amount to a mutual understanding or a meeting of the minds between these defendants and Judge Koester, a state actor. Rather the allegations suggest that during the state court proceedings, some of the defendants made legal arguments with which plaintiffs disagreed, and they presented evidence which plaintiffs believed were untruthful or misleading. The allegations also

7

suggest that Judge Koester issued rulings with which plaintiffs disagreed and believed were not based in law or were procedurally improper.[4] Litigants are often unhappy with opposing counsel's arguments and conduct, as well as unfavorable rulings by the judge. Viewing the allegations in a light most favorable to plaintiffs, the allegations in the Complaint do not suggest that these private defendants acted as state actors or conspired with a judge.

Plaintiffs argue in their memorandum in opposition to the motions to dismiss that the evidence will show that the Ryan Defendants and the Lauth Defendants had "'coded' exchanges with Judge Koester." Doc. 31 at 34. There is no such allegation in the Complaint, but even if there was, the term "coded exchanges" is vague and ambiguous, and it is insufficient to give rise to an inference that some of the defendants came to a "mutual understanding" with the judge in the state court proceedings.

Plaintiffs' allegations do not suggest that these private defendants acted as state actors or conspired with a state actor and, therefore, the allegations in the Complaint fail to state a Section 1983 claim against any of the defendants. Counts Two and Three of the Complaint do not reference or arise under federal law. Therefore, the Court concludes that federal question jurisdiction does not exist in this matter. 28 U.S.C. § 1331. Finding there is no claim under federal law and no diversity jurisdiction, the Court dismisses this action, without prejudice, for lack of subject matter jurisdiction. Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 896 (8th Cir. 2014) ("[i]n cases

---

[2]Judge Koester, a state actor, is not named as a defendant in this case. But even if plaintiffs were to have sued Judge Koester, plaintiffs' allegations against her would be meritless. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11–12 (1991)). Judicial rulings made during the course of litigation are within a judge's jurisdiction. Snelling v. Pawloski, No. 4:11CV1079, 2011 WL 2552601, at *2 (E.D. Mo. June 27, 2011).

8

where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.") (internal citation omitted)); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101-02 (1998) (rejecting the ability of a federal court to rule on the merits of claims over which it lacks jurisdiction).

### C. Motion for Sanctions

Also pending before this Court is the Ryan Defendants' motion for sanctions against plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Ryan Defendant seek sanctions against plaintiffs because, they argue, plaintiffs' claims are frivolous with no basis in the law. Plaintiffs oppose the motion for sanctions.

According to the Supreme Court, "the central purpose of Rule 11 is to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). To that end, Rule 11 requires that every pleading be signed by "at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). By signing a document filed with the Court, the attorney or unrepresented party certifies that "the pleading, motion or other paper" is not being used "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). It also certifies that the asserted claims are "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Id. In other words, "[a] signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." Bus. Guides, Inc. v. Chromatic

Comms. Enterprises, Inc., 498 U.S. 533, 542–43 (1991) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1335, pp. 57–58 (2d ed. 1990)).

Under Rule 11(c) "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule."[5] In determining whether sanctions are warranted, the Court must use an objective standard of reasonableness, Bus. Guides, Inc., 498 U.S. at 551, and may consider factors such as the offending parties' history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, [and] the risk of chilling the type of litigation involved . . . ." White v. Gen. Motors Corp., 908 F.2d 675, 685 (10th Cir. 1990) (cited with approval in Pope v. Federal Express Corp.,49 F.3d 1327, 1328 (8th Cir. 1995)). In their motion for sanctions, the Ryan Defendants argue that plaintiffs' conduct is so egregious that the Court should fine plaintiffs nearly $10,000.00.

In this case plaintiffs are pro se litigants. Pro se parties are subject to Rule 11, but courts traditionally afford parties representing themselves some leeway. See Cory v. Fahlstrom, No. 05-3010, 2005 WL 1526135, at *2-3 (10th Cir. June 29, 2005) (noting pro se status of the plaintiff while refusing to impose sanctions, despite "frivolous" nature of the appeal); Thomas v. Foster, No. 05-1012, 2005 WL 1140292, at *1 (7th Cir. May 9, 2005) (noting that a pro se litigant "is entitled to some leniency before being assessed sanctions for frivolous litigation"); Bigalk v. Federal Land Bank Ass'n of Rochester, 107 F.R.D. 210, 212 (D. Minn. 1985). But see Kurkowski v. Volcker, 819

---

[5]Under Rule 11, a motion for sanctions, "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11. Here, the Ryan Defendants served plaintiffs by mail a copy of the motion for sanctions on August 29, 2016. The motion was filed on September 23, 2016.

10

F.2d 201, 203–04 (8th Cir. 1987) (upholding sanctions against a pro se plaintiff for bringing a frivolous lawsuit that was substantially identical to claims previously advanced and rejected by other courts and against a defendant with "absolutely no relationship" to the plaintiff).

In their motion for Rule 11 sanctions, the Ryan Defendants ask the Court to delve into the merits of plaintiffs' claims. As discussed above, the Court finds it does not have jurisdiction to hear this case, in part because plaintiffs have failed to allege that any of the defendants were state actors or acted under color of state law. Although the Court finds there is no basis for federal jurisdiction in this case and the action will be dismissed, an award of monetary sanctions is not justified, as the Ryan Defendants suggest. This is the first time these pro se plaintiffs have filed suit in this Court, and the Court finds plaintiffs' filings were unsophisticated. There is nothing to suggest that they undertook this litigation out of malice or in bad faith. Rule 11 was designed to deter baseless court filings, and the Court believes that the purpose of Rule 11 can be served by employing something less than a monetary sanction. See Montgomery v. Flandreau Santee Sioux Tribe, No. CIV 05-4123, 2006 WL 482479, at *7 (D.S.D. Feb. 27, 2006) (barring pro se plaintiffs from filing future pro se pleadings related to the subject matter of the frivolous suit); Nelson v. Butler, 929 F. Supp. 1252, 1259–60 (D. Minn. 1996) (same); see also Collum v. PayPal, 505 F. App'x 611 (8th Cir. 2013) (affirming decision to restrict pro se plaintiff's future filings in the district court). The Court will grant the Ryan Defendants' motion for sanctions to the extent that plaintiffs will be barred from filing any future pro se pleadings with this Court related to the foreclosure proceedings that took place in Illinois, without prior approval of this Court. This bar does not apply to plaintiffs' right to appeal from the dismissal of this case. In all other respects, the Ryan Defendants' motion for sanctions is denied.

### *III. Conclusion*

The Court finds it lacks subject matter jurisdiction to hear this case. Plaintiffs have failed to plead or establish that the parties are diverse. Furthermore, plaintiffs have not established that there exists federal question jurisdiction in that this dispute does not arise under the Constitution, laws, or treaties of the United States. Therefore, the Court will grant defendants' motions to dismiss for lack of subject matter jurisdiction. Defendants raise a number of other grounds for dismissal, such as failure to state a claim and lack of personal jurisdiction. Finding subject matter does not exist, the Court declines to address these issues. As for sanctions, the Court declines to impose monetary sanctions against plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court will, however, bar plaintiffs from refiling any further pro se complaints in this district that relate to the foreclosure proceedings in Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Stephen Ryan and Ryan, Bennett & Radloff's motion to dismiss is **GRANTED** to the extent the Court finds there is no federal subject matter jurisdiction. In all other respects, the motion is **DENIED without prejudice.** [Doc. 19]

**IT IS FURTHER ORDERED** that defendants Edward T. Graham, Jr. and Beavers, Graham & Calvert's motion to dismiss is **GRANTED** to the extent the Court finds there is no federal subject matter jurisdiction. In all other respects, the motion is **DENIED without prejudice.** [Doc. 22]

**IT IS FURTHER ORDERED** that defendant First Mid Illinois Bank & Trust, National Association's motion to dismiss is **DENIED as moot.** [Doc. 25]

**IT IS FURTHER ORDERED** that defendants First Mid Illinois Bank & Trust, National Association, Doug Kopplin, Unknown Employee and/or Unknown Employees of First Mid Illinois

Bank & Trust, and Mary Jane Klitzing's motion to dismiss is **GRANTED** to the extent the Court finds there is no federal subject matter jurisdiction. In all other respects, the motion is **DENIED without prejudice.** [Doc. 27]

**IT IS FURTHER ORDERED** that defendants Betty A. Lauth, Carol Heilman, Rose Zimmer, Ralph F. Bauer, Ruth Smith, and Mary Jane Klitzing as Executrix for the Estate of Paul C. Bauer's motion to dismiss is **GRANTED** to the extent the Court finds there is no federal subject matter jurisdiction. In all other respects, the motion is **DENIED without prejudice.** [Doc. 29]

**IT IS FURTHER ORDERED** that defendants Stephen Ryan and Ryan, Bennett & Radloff's motion for sanctions is **GRANTED** to the extent that plaintiffs are barred from filing any further pro se pleadings with this Court that relate to the foreclosure proceedings that took place in Illinois state court, without prior approval of this Court. [Doc. 37]

**IT IS FURTHER ORDERED** that plaintiffs David W. Bauer, Donald W. Bauer, Karla Dale Bauer, and Lauretta D. Bauer's for "Motion to Request Leave of Court to Allow the Filing of the 'Response to All of the Defendants' Motions to Dismiss,'" which the Court construes as a motion for leave to file their over-length memorandum in response to defendants' motions to dismiss out of time, is **GRANTED.** [Doc. 35]

**IT IS FURTHER ORDERED** that plaintiffs David W. Bauer, Donald W. Bauer, Karla Dale Bauer, and Lauretta D. Bauer's "Motion for Leave to File All Four Pro Se Plaintiffs' Joint Response," which the Court construes as a motion for leave to file a surresponse to the motion for sanctions, is **DENIED.** [Doc. 42]

An appropriate Order of Dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of November, 2016.